# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Docket No. 22-10811

---

ECB USA, INC., ATLANTIC VENTURES CORP., and G.I.E. C2B,

Appellants,

v.

CHUBB INSURANCE COMPANY OF NEW JERSEY and
EXECUTIVE RISK INDEMNITY, INC.,

Appellees.

---

On appeal from a Final Order of the District Court, Southern District of Florida
District Court Case No. 20-20569-CIV-SCOLA

---

## INITIAL BRIEF OF APPELLANTS

---

Joel S. Magolnick, Esq.
Florida Bar No. 776068
Magolnick@mm-pa.com
John E. Kirkpatrick, Esq.
Florida Bar No. 386782
Kirkpatrick@mm-pa.com
Marko & Magolnick, P.A.
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000

*Attorneys for ECB USA, Inc.,*
*Atlantic Ventures Corp., and G.I.E. C2B*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record for Plaintiffs-Appellants ECB USA, Inc., Atlantic Ventures Corp., and G.I.E. C2B submits the following Certificate of Interested Persons and Corporate Disclosure Statement pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rules 26.1-1 and 26.1-2 of the Rules of the United States Court of Appeals for the Eleventh Circuit:

1. Atlantic Ventures Corp.  (Appellant)

2. Brody, Steven A. (Counsel for Appellees)

3. Carlton Fields (Counsel for Appellees)

4. Chubb Insurance of New Jersey (Appellee)

Chubb Insurance of New Jersey is a wholly owned subsidiary of Federal Insurance Company, which is a wholly owned (100%) subsidiary of Chubb INA Holdings, Inc., which is a wholly owned (100%) subsidiary of Chubb Group Holdings Inc., which is a wholly owned (100%) subsidiary of Chubb Limited, which is a publicly held corporation. The stock symbol of Chubb Limited is CB.

5. Constantin Associates LLP (Appellant)

6. ECB USA, Inc. (Appellant)

7. Enriquez, Daniel G. (Counsel for Appellees)

8. Executive Risk Indemnity (Appellee)

Executive Risk Indemnity is a wholly owned subsidiary of Federal Insurance Company, which is a wholly owned (100%) subsidiary of Chubb INA Holdings, Inc. which is a wholly owned (100%) subsidiary of Chubb Group Holdings Inc., which is a wholly owned (100%) subsidiary of Chubb Limited, which is a publicly held corporation. The stock symbol of Chubb Limited is CB.

9.  Foell, Nathaniel G. (Counsel for Appellees)

10. G.I.E. 2CB (Appellant)

11. Carlton Fields, LLP (Counsel for Appellees)

12. Hartman, Roy (Counsel for Appellants)

13. Kirkpatrick, John E. (Counsel Appellants)

14. Magolnick, Joel S. (Counsel for Appellants)

15. Marko & Magolnick, P.A. (Counsel for Appellants)

16. SARL Ets. Claude Blandin & Fils (Parent company of Appellant ECB USA, Inc.)

17. Scola, Robert N. (United States District Judge)

18. Shepherd, Michael (Counsel for Appellees)

19. Torres, Edwin G. (United States Magistrate Judge)

20. Walbolt, Sylvia H. (Counsel for Appellees)

21. Weiss, Aaron S. (Counsel for Appellees)

/s/ Joel S. Magolnick
Joel S. Magolnick

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ...................................................... C-1

TABLE OF AUTHORITIES ...................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ................................................ vi

STATEMENT OF SUBJECT MATTER AND APPELLATE ................................ vii

STATEMENT OF THE ISSUES ................................................................... 1

STATEMENT OF THE CASE ..................................................................... 2

   A. The Course of Proceedings ............................................................... 2

   B. Dispositions of the District Court ...................................................... 3

   C. Statement of Facts ......................................................................... 4

STANDARD OF REVIEW ......................................................................... 8

SUMMARY OF THE ARGUMENT ............................................................... 9

ARGUMENT ........................................................................................ 11

   I.  THE DISTRICT COURT ERRED IN FAILING TO APPLY NEW JERSEY'S
   RULE OF THE LAST ANTECEDENT TO THE DEFINITITION OF
   "MANAGEMENT CONSULTING SERVICES" ................................................ 11

   A. Introduction ................................................................................ 11

   B. New Jersey Law Applies to the Policies ............................................ 12

   C. Under New Jersey Law, an Insurance Contract Must be Enforced as Written
   and Any Ambiguity Must be Resolved in Favor of Coverage. ......................... 12

   D. Under New Jersey Law, the Plain Meaning of a Document is Determined in
   Accordance with the Rule of the Last Antecedent ...................................... 13

E.  New Jersey's Rule of the Last Antecedent Mandates that the Qualifying Phrase "For Financial Institutions" Applies Only to the Last Antecedent "Asset Recovery and Strategy Planning" ............................................................................ 17

II.  THE DISTRICT COURT ERRED BY FAILING TO   APPLY NEW JERSEY LAW AND IMPOSING ITS ALTERNATIVE INTERPRETATION OF "MANAGEMENT CONSULTING SERVICES" AS THE ONLY REASONABLE INTERPRETATION ................................................................. 19

CONCLUSION ........................................................................................ 23

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements ............................................................................ 24

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Alexander v. Bd. of Review,*
   405 N.J. Super. 408, 965 A.2d 167 (App. Div. 2009) ...................................... 14, 16

*Allison v. McGhan Med. Corp.,*
   184 F.3d 1300 (11th Cir. 1999) ................................................................. 8

*C.R. v. M.T.,*
   461 N.J. Super. 341, 221 A.3d 154 (App. Div. 2019) ...................................... 15, 16

*CBS Inc. v. PrimeTime 24 Joint Venture,*
   245 F.3d 1217 (11th Cir. 2001) ............................................................. 21

*Combs v. Bradlees/NJSIGA,*
   2005 WL 3488150 (N.J. Super. 2005) ....................................................... 14

*Combs v. Plantation Patterns,*
   106 F.3d 1519 (11th Cir. 1997) ............................................................. 8

*Gudgeon v. Cty. of Ocean,*
   135 N.J. Super. 13, 342 A.2d 553 (App. Div. 1975) ...................................... 14, 16

*Hegel v. First Liberty Ins. Corp.,*
   778 F.3d 1214 (11th Cir. 2015) ............................................................. 9

*Hoffman v. Allied Corp.,*
   912 F.2d 1379 (11th Cir. 1990) ............................................................. 8

*In re Dep't of Cmty. Affairs Order of March 15,*
   *1988,* 232 N.J. Super. 136, 556 *A.*2d 807 (App.Div.1989) .................................... 16

*Kamienski v. State, Dep't of Treasury,*
   451 N.J. Super. 499, 169 A.3d 493 (App. Div. 2017) ............................................ 13

*M.F. v. Dep't of Human Services, Div. of Family Dev.,*
   395 N.J. Super. 18, 928 A.2d 71 (App. Div. 2007) ................................................ 16

*M.F. v. Jews Offering New Alternatives for Healing*,
　2021 WL 2795427 (N.J. Super. Ct. App. Div. July 6, 2021) ........................... 13, 16

*M.F. v. JONAH*,  250 N.J. 11, 268 A.3d 1014 (2022) ............................................... 13

*Maccarone v. State*,
　A-5028-09T1, 2011 WL 2478636 (N.J. Super. Ct. App. Div. June 23, 2011) ....... 14

*Mahwah Realty Assoc. v. Twp. of Mahwah*,
　430 N.J. Super. 247 (App. Div. 2013) ...................................................................... 14

*Morella v. Grand Union/New Jersey Self-Insurers Guar. Ass'n*,
　391 N.J. Super. 231, 917 A.2d 826 (App. Div. 2007) .............................................. 14

*Muscarello v. United States*,
　524 U.S. 125, 118 S. Ct. 1911, 141 L.Ed.2d 111 (1998) ........................................ 22

*New Jersey Bank v. Palladino*,
　389 A.2d 454, 460 (N.J. 1978) ........................................................................... 15, 19

*N.J. Ins. Underwriting Ass'n v. Clifford*,
　112 N.J. Super. 195, 270 A.2d 723 (App. Div. 1970) ............................................. 14

*Princeton Inv. Partners, Ltd. v. RLI Ins. Co.*,
　2018 WL 846917 (D.N.J. 2018) .................................................................... passim

*State ex rel. S.Z.*,
　177 N.J. Super. 32, 424 A.2d 855 (App.Div.1981) ................................................. 14

*State v. Congdon*,
　76 N.J. Super. 493, 185 A.2d 21 (App.Div. 1962) .................................................. 14

*State v. Gelman*, 195 N.J. 475, 484 (2008) .......................................................... 13, 17

*State v. Wean,*
　86 N.J. Super. 283, 206 A.2d 765 (App. Div. 1965) ............................................... 14

*State Dept. of Envtl. Prot. & Energy, Div. of Fish, Game & Wildlife v. Santomauro*,
　261 N.J. Super. 339, 618 A.2d 917 (App. Div. 1993) ........................................ 14, 16

*U.S. v. Bass*,
   404 U.S. 336 (1971).................................................................... 20, 21, 22

*United States v. Maupin*,
   520 F.3d 1304 (11th Cir. 2008) ............................................... 22

*United States v. Veal*,
   153 F.3d 1233 (11th Cir.1998) ................................................. 22

*Yalango v. Yalango*,
   A-2407-19, 2021 WL 416425 (N.J. Super. Ct. App. Div. Feb. 8, 2021) .......... 13, 17

**Statutes**

18a U.S.C. § 1202(a)................................................................... 21

28 U.S.C. Section 1332(a) ........................................................ vii

28 U.S.C. Section 1291 ............................................................. vii

N.J.S.A. 2C:17-2(a)...................................................................... 15

**Rules**

Federal Rules of Appellate Procedure and Rules 26.1-1 and 26.1-2....................... C-1

FRAP 25(d) ...................................................................................... 3

FRAP 32(g) ...................................................................................... 3

Rule 32(a)(5)(A) of the Federal Rules of Appellate Procedure.................................. 24

Rule 32(a)(6) of the Federal Rules of Appellate Procedure ..................................... 24

## STATEMENT REGARDING ORAL ARGUMENT

Appellants ECB USA, Inc., Atlantic Ventures Corp., and G.I.E. C2B (collectively, the "ECB Parties") respectfully request oral argument in this case. Oral argument will be useful because this appeal hinges upon the interpretation and application of New Jersey insurance coverage law and rules of construction, which are foreign to this Circuit.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1332(a) based upon diversity of the parties' citizenship and the amount in controversy, which exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

This Court has jurisdiction under 28 U.S.C. § 1291 because this is an appeal from a final judgment dated February 25, 2022. DE 241.

The ECB Parties timely filed their notice of appeal on March 16, 2022. DE 242.

## STATEMENT OF THE ISSUES

I.    New Jersey law has a rule of construction that mandates that a qualifier at the end of a series applies only to the last antecedent unless it is separated from the items in the series by a comma (the "Rule of the Last Antecedent"). In the insurance policies at issue, "[m]anagement consulting services" is defined as "services directed toward an expertise in banking finance, accounting, risk and systems analysis design and implementation, asset recovery and strategy planning for financial institutions." Did the district court err in failing to apply the New Jersey Rule of the Last Antecedent to the interpretation of the definition of "[m]anagement consulting services" in the New Jersey insurance policies at issue?

II.    New Jersey law mandates that an ambiguity in an insurance policy must be construed in favor of coverage. If the New Jersey Rule of the Last Antecedent is not mandatory, did the district court err in ruling that its interpretation of the insurance policy is the only reasonable interpretation and that there is no reasonable interpretation favoring coverage?

## STATEMENT OF THE CASE

### A.    The Course of Proceedings

This case involves the construction of professional liability insurance policies under New Jersey law. The ECB Parties filed the underlying action as assignees of Constantin Associates, LLP's ("Constantin") rights under a 2016-17 professional liability insurance policy issued by Appellee Executive Risk Indemnity, Inc. ("ERI-Chubb") (the "2016 Policy") and a 2017-18 professional liability insurance policy issued by Appellee Chubb Insurance Company of New Jersey ("Chubb") (the "2017 Policy"). Initial Complaint, DE 1-2. The 2016 Policy and the 2017 Policy are collectively referred to as the "Policies."

The ECB Parties filed a motion for partial summary judgment. DE 154. Chubb and ERI-Chubb (collectively, the "Chubb Parties") filed a cross motion for summary judgment. DE 161. The ECB Parties and the Chubb Parties requested oral argument on the competing motions.

Without oral argument, on December 17, 2021, the district court entered an Omnibus Order setting forth findings of fact and granting, in part, and denying, in part, both motions for summary judgment. Omnibus Order, DE 226. The ECB Parties requested reconsideration of the Omnibus Order, DE 228, and the Chubb Parties moved to amend it, DE 227. On February 25, 2022, the district court entered the

Amended Omnibus Order that clarified the judgment of reformation in favor of the ECB Parties. DE 240. The Amended Omnibus Order, *id.*, is otherwise identical to the Omnibus Order previously entered by the district court. DE 226.

On February 25, 2022, the district court entered a Final Judgment. DE 241.

The ECB Parties filed their notice of appeal on March 15, 2022. DE 242.

### B.    Dispositions of the District Court

1.  The district court ruled that New Jersey law governs the Policies. Am. Omnibus Order, DE 240:6.

2.  The district court ruled in favor of the ECB Parties, finding that Constantin was an insured under the 2017 Policy because the 2017 Policy was a renewal of the 2016 Policy and Constantin was an insured under the 2017 Policy. Accordingly, the district court granted summary judgment in favor of the ECB Parties and reformed the 2017 Policy to reflect that Constantin was an insured. Am. Omnibus Order, DE 240:10-11.

3.  The district court ruled in favor of the ECB Parties that the definition of "[m]anagement consulting services" included professional accounting services, which includes the auditing of financial statements. Am. Omnibus Order, DE 240:8.

4.  The district court ruled in favor of Chubb on coverage, stating that Chubb was not required to provide a defense or an indemnity because "the phrase 'for

financial institutions' modifies the entire series, meaning that '[m]anagement consulting services' is defined as the provision of 'services directed towards expertise in . . . accounting . . . for financial institutions.'" Am. Omnibus Order, DE 240:9. The ECB Parties appeal this fourth ruling.

## C.    Statement of Facts

Most of the facts set forth below are drawn from the undisputed facts recognized in the district court's Amended Omnibus Order on summary judgment. DE 240. It will be specifically noted when facts are drawn from other portions of the record.

ERI-Chubb, a Delaware-based corporation, issues professional liability insurance policies in New Jersey. Am. Omnibus Order, DE 240:2. Chubb is a New Jersey-based entity that also provides professional liability insurance policies in New Jersey. *Id*. Chubb or ERI-Chubb issued the professional liability insurance policies involved in this case. *Id*.

Control Associates/Constantin Group L.P. ("Control Group") is a limited partnership registered in Delaware that provides professional and consulting services. *Id*.  Constantin is a professional accounting firm that provides accounting and auditing services. *Id*.

Constantin provided professional accounting services, including the audit of the financial statements, for Schratter Foods Incorporated ("Schratter" or "SFI"), a specialty food company. Schratter was not a financial institution. Chubb Parties' Statement of Material Facts, DE 155:10, ¶ 72; ECB Parties Response to Chubb Parties' Statement of Material Facts, DE 185:5, ¶ 72.

In 2018, the ECB Parties sued Constantin (the "Constantin Lawsuit") for alleged wrongdoing in connection with the provision of a professional audit of Schratter's financial statements, in connection with their acquisition of Schratter. DE 240:5. The Constantin Lawsuit specifically stated that "SFI was a food supply company that both manufactured and distributed various food products." Constantin Lawsuit, DE 156-33:4, ¶ 15.

Constantin provided Chubb with notice of the Constantin Lawsuit. DE 240:5. In its first denial letter, Chubb acknowledged receipt of the Constantin Lawsuit as follows: "[w]e are in receipt of a Complaint captioned *ECB USA, Inc. v. Constantin Associates, LLP, et al.*, filed … on August 22, 2018." Claim Denial Letter dated Oct. 12, 2018, DE 156-36:2.

Chubb issued two claim denial letters, both times denying coverage to Constantin for the **sole** reason that auditing services were not covered under the 2017 Policy. Am. Omnibus Order, DE 240:5. Neither denial letter mentions that Constantin

was not an insured. *Id*. The denial letters also make no mention that any professional service had to be performed only for a "financial institution" to be covered. Claim Denial Letter dated Oct. 12, 2018, DE 156-36:2; Claim Denial Letter dated July 2, 2019, DE 156-36:6.

Below is a chronology of the Policies.

- Since 1991, ERI-Chubb had the miscellaneous professional liability account for Control Group, an affiliate of Constantin. *See* Chubb Miscellaneous Professional Liability Account Work-Up, 2015-16, DE 156-16:1 ("We have had the account since 1991 and it seems to be getting smaller as we go along."). *See also* 2016-17 Account Work Up, DE 156-16:13.

- The first application for a professional liability policy in the record is for 2001, when Control Group stated that it was seeking coverage for professional services including "[m]anagement consulting for finance community." 2001 Application, DE 155-17:2.

- Notably, in the 2006 application, the limiting phrase "for finance community" was removed from the application and it was replaced with the broader term "consulting." DE 155-22:2.

- After 2006, the limiting phrase "for finance community" was never again included. Chubb Statement of Material Facts, DE 155:6, ¶ 20; All Post-2006 Applications, DE 155-22, 155-23, 155-24, 155-25, 155-26, 155-27, 155-28, 155-29, 155-30, 155-31, and 155-32.

- In 2015, the professional accounting firm Constantin was added as an insured and was, in fact, listed as the first named insured on the declarations page of the 2015-16 policy. Am. Omnibus Order, DE 240:3; *see also* 2015 Policy, Declarations Page, DE 155-15:6.

- As a result of adding Constantin, an accounting firm, the 2016 application identified the covered services as "Accounting. Managing and IT Consulting." 2016 Application, DE 155-31:1 ¶ 4. Again, there is no mention of the qualifier "for finance community." *Id*.

- In 2017, the description of professional services remained the same as the prior year: "Accounting, Managing and IT Consulting." *Id*. DE 156:6, ¶ 23; 2017 Application, DE 155-32:1, ¶ 4. Once again, there still was no mention of "for finance community."

In summary, the limiting qualifier "for finance community" was removed in 2006, ten years before the 2017 Policy and nine years before Constantin became an insured. The phrase "for finance community" was never put back in the list of

professional services in the application. From 2006 forward, no renewal application in any way ever indicated any limitation to financial institutions.

In November 2019, Constantin settled its claims with the ECB Parties for $4.85 million, cash payments, and an assignment of claims against Chubb and its affiliates. Am. Omnibus Order, DE 240:5.

## STANDARD OF REVIEW

This is an appeal from the grant of a final summary judgment. The standard of review is *de novo*, with no deference afforded the determination of the district court. *Allison v. McGhan Med. Corp*., 184 F.3d 1300, 1306 (11th Cir. 1999) ("all facts and reasonable inferences [are viewed] in the light most favorable to the nonmoving party and applying the same standard as the district court."). Factual issues cannot be decided on summary judgment, but merely a determination made whether they exist, when the record is viewed in the light most favorable to the nonmoving party. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997); *see also Hoffman v. Allied Corp*., 912 F.2d 1379, 1383 (11th Cir. 1990) ("The court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor.)

"Contract interpretation is subject to the same *de novo* review. ... Because insurance policies are considered contracts, 'interpretation of insurance policy

language is [also] a matter of law, subject to *de novo* review.'" *Hegel v. First Liberty Ins. Corp.*, 778 F.2d 1214, 1219 (11th Cir. 2015).

## SUMMARY OF THE ARGUMENT

The district court erred by disregarding New Jersey's Rule of the Last Antecedent and imposing its own rules of construction, despite finding that New Jersey law governs.

New Jersey law applies to the Policies. Under New Jersey law, insurance policies must be interpreted broadly, in favor of coverage, and in accordance with their plain meaning.

Under New Jersey law, the plain meaning of a qualifying phrase at the end of a list of items is determined by the Rule of the Last Antecedent. The Rule of the Last Antecedent mandates that a qualifying phrase at the end of a series modifies only the last antecedent unless it is separated from the entire series by a comma.

This appeal addresses the interpretation of "[m]anagement consulting services," the professional services covered under the Policies. The definition is: "[m]anagement consulting services meaning services directed toward expertise in banking finance, accounting, risk and systems analysis design and implementation, asset recovery and strategy planning for financial institutions." There is no comma between the last antecedent "asset recovery and strategy planning" and the qualifier

"for financial institutions."

Consequently, under New Jersey law, the definition of "[m]anagement consulting services" is not ambiguous and the Policies provide coverage. The district court erred by disregarding the New Jersey Rule of the Last Antecedent and imposing its own rules of construction, despite finding that New Jersey law governs.

Even assuming that there was a legitimate reason for the district court to have disregarded the New Jersey Rule of the Last Antecedent, which there is not, the district court nevertheless erred because, without the application of the Rule of the Last Antecedent, the definition of "[m]anagement consulting services" would be rendered ambiguous. This is because the definition could be interpreted according to the Rule of the Last Antecedent or more narrowly as interpreted by the district court. Under New Jersey law, a policy must be construed in favor of coverage when there are two reasonable readings thereof. Thus, it would be error for the district court to find that there was no coverage when one of the readings favors coverage.

# ARGUMENT

## I.  THE DISTRICT COURT ERRED IN FAILING TO APPLY NEW JERSEY'S RULE OF THE LAST ANTECEDENT TO THE DEFINITITION OF "MANAGEMENT CONSULTING SERVICES"

### A. Introduction

This appeal addresses the failure of the district court to interpret the definition of "[m]anagement consulting services" in accordance with New Jersey's Rule of the Last Antecedent. The district court stated that it interpreted the 2017 Policy on its "plain reading." DE 240:9.

The district court correctly describes the core issue as follows:

> The Defendants argue that covered accounting services must be provided to a financial institution, pointing to the series-qualifier canon, which holds that a modifier (here, "for financial institutions") at the end of a series of nouns or verbs "normally applies to the entire series." **The Plaintiffs argue that the series-qualifier canon only applies where there is a comma before the modifier—therefore, as there is no comma before "for financial institutions," the Plaintiffs argue that clause only qualifies the phrase immediately preceding it (namely, "asset recovery and strategy planning").**

DE 240:9 (emphasis added). The district court's description of the ECB Parties' argument in bold above is a clear recitation of the New Jersey Rule of the Last Antecedent.

After identifying the issue, in direct derogation of the New Jersey Rule of the Last Antecedent, the district court ruled that "the phrase 'for financial institutions'

modifies the entire series, meaning that 'management consulting services' is defined as the provision of "services directed towards expertise in . . . accounting . . . for financial institutions." Am. Omnibus Order, DE 240:9. The district court's interpretation of the Policies is reversible error.

## B. New Jersey Law Applies to the Policies

The district court found that New Jersey law applies to the Policies. Am. Omnibus Order, DE 240:6.

## C. Under New Jersey Law, an Insurance Contract Must be Enforced as Written and Any Ambiguity Must be Resolved in Favor of Coverage.

Under New Jersey law,

> [t]he principles of insurance contract interpretation are well settled: (1) the interpretation of an insurance contract is a question of law, (2) when interpreting an insurance contract, the basic rule is to determine the intention of the parties from the language of the policy, giving effect to all parts so as to give a reasonable meaning to the terms, (3) …the court must enforce the contract as it is written, and the court cannot make a better contract for the parties than the one that they themselves agreed to, (4) where an ambiguity exists, it must be resolved against the insurer, (5) if the controlling language of the policy will support two meanings, one favorable to the insurer and one favorable to the insured, the interpretation supporting coverage will be applied….

*Princeton Inv. Partners*, *Ltd. v. RLI Ins. Co.*, CV171120KMMAH, 2018 WL 846917, at *5 (D.N.J. 2018).

### D. Under New Jersey Law, the Plain Meaning of a Document is Determined in Accordance with the Rule of the Last Antecedent

Without exception, every New Jersey case addressing the construction of a qualifying phrase following a series of items has applied the Rule of the Last Antecedent to both statutes and contracts. In *State v. Gelman*, the New Jersey Supreme Court articulates the rule:

> Defendant's most persuasive argument follows from the doctrine of the last antecedent, a principle of statutory construction that holds that, unless a contrary intention otherwise appears, a qualifying phrase within a statute refers to the last antecedent phrase.

484, 950 A.2d 879, 884 (2008). Eighteen New Jersey appellate court cases address the Rule of the Last Antecedent.[1] Each of these cases follows the Rule. There are no

---

[1] *See M.F. v. Jews Offering New Alternatives for Healing*, A-1076-19, 2021 WL 2795427, at *6 (N.J. Super. Ct. App. Div. July 6, 2021), *cert. denied sub nom. M.F. v. JONAH*, 250 N.J. 11, 268 A.3d 1014 (2022); (2022) ("This interpretation is consistent with the last antecedent rule, 'a principle of statutory construction that holds that, unless a contrary intention otherwise appears, a qualifying phrase within a statute refers to the last antecedent phrase."); *Yalango v. Yalango*, A-2407-19, 2021 WL 416425, at *2 (N.J. Super. Ct. App. Div. Feb. 8, 2021) ("[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent"); *Kamienski v. State, Dept of Treasury*, 451 N.J. Super. 499, 518–19, 169 A.3d 493, 505 (App. Div. 2017) ("Turning to principles of statutory construction, 'the doctrine of the last antecedent ... holds that, unless a contrary intention otherwise appears, a qualifying phrase within a statute refers to the last antecedent phrase.' Because the Legislature did not separate the qualifying phrase 'for each year of incarceration' from $20,000 with a comma, the doctrine of last antecedent provides

support for the interpretation that "for each year of incarceration" applies only to $20,000.") (citations omitted); *Mahwah Realty Assoc. v. Twp. of Mahwah*, 430 N.J. Super. 247, 258, 63 A.3d 1217, 1224 (App. Div. 2013) ("…the general rule of statutory construction [is] that 'a modifying phrase applies to the last antecedent phrase, absent contrary intent.'"); *Maccarone v. State*, A-5028-09T1, 2011 WL 2478636, at *3 (N.J. Super. Ct. App. Div. June 23, 2011) ("A general rule of statutory construction is that a modifying phrase applies to the last antecedent phrase, absent contrary intent."); *Alexander v. Bd. of Review*, 405 N.J. Super. 408, 417, 965 A.2d 167, 173 (App. Div. 2009) ("However, longstanding rules of construction provide that such a modifying phrase should be interpreted as referring only to the last antecedent phrase that it can reasonably modify."); *Morella v. Grand Union/New Jersey Self-Insurers Guar. Ass'n*, 391 N.J. Super. 231, 240–41, 917 A.2d 826, 831 (App. Div. 2007), *aff'd sub nom. Morella v. Grand Union Co./New Jersey Self-Insurers Guar. Ass'n*, 193 N.J. 350, 939 A.2d 226 (2008) ("A general rule of statutory construction is that a modifying phrase applies to the last antecedent phrase, absent contrary intent."); *Combs v. Bradlees/NJSIGA,* A-3816-04T5, 2005 WL 3488150 (N.J. Super. 2005) ("A general rule of statutory construction is that a modifying phrase applies to the last antecedent phrase, absent contrary intent."); *State, Dept. of Envt'l. Prot. & Energy, Div. of Fish, Game & Wildlife v. Santomauro*, 261 N.J. Super. 339, 345, 618 A.2d 917, 920 (App. Div. 1993) ("The next modifying phrase which says 'belonging to a species or subspecies native to this State ...' refers only to game and songbirds. . . . 'It is a principle of statutory construction that where no contrary intention appears, referential and qualifying phrases refer solely to the last antecedent....'") (citations omitted); *See State ex rel. S.Z.*, 177 N.J. Super. 32, 35, 424 A.2d 855 (App. Div.1981) ("No such construction is justified because it is an established rule of construction that "words of relation prima facie refer to the nearest antecedent."); *Gudgeon v. Cty. of Ocean*, 135 N.J. Super. 13, 17, 342 A.2d 553 (App. Div. 1975) ("This is the converse of the general rule that qualifying words refer solely to the immediately preceding word."); *N.J. Ins. Underwriting Ass'n v. Clifford*, 112 N.J. Super. 195, 204, 270 A.2d 723 (App. Div. 1970) ("We are satisfied that the cited phrase was intended to refer to its last antecedent, 'such other classes of insurance as the commissioner may designate."); *State v. Wean,* 86 N.J. Super. 283, 288, 206 A.2d 765, 768 (App. Div. 1965) ("It is an ordinary rule of grammatical construction that words of relation prima facie refer to the nearest antecedent."); *State v. Congdon*, 76 N.J. Super. 493, 502, 185 A.2d 21 (App. Div. 1962) ("The opposite conclusion violates not only the clear wording of the draftsmen but also the principle of statutory

exceptions.

As explained by the New Jersey Supreme Court in *New Jersey Bank v. Palladino*, if one **intends** a qualifier to apply to an entire series, one should include a comma prior to the qualifier. *See* 77 N.J. 33, 45, 389 A.2d 454, 460 (1978) ("If the Legislature had **intended** otherwise, it would have inserted a comma after the word 'time.') (emphasis added); *see also State in Interest of S. Z.*, 177 N.J. Super. 32, 35, 424 A.2d 855, 857 (App. Div. 1981) ("If the Legislature had **intended** to require the use of fire, explosives or other dangerous means listed in N.J.S.A. 2C:17-2(a) in order to constitute the offense, it would have inserted a comma after the word 'negligently.'") (emphasis added).

In New Jersey, the requirement of a comma is not hyper-technical. As stated by one New Jersey appellate court:

> Our emphasis on the absent comma may sound like a hyper-technical way to construe statutes. It isn't. Our courts have applied this tenet time and again in construing legislation.

*C.R. v. M.T.*, 461 N.J. Super. 341, 221 A.3d 154 (App. Div. 2019), *rev'd on other grounds*, 248 N.J. 428, 259 A.3d 830 (2021). At least six New Jersey appellate courts have reiterated the principle that if a drafter intends to apply the qualifier to an entire

---

construction that referential and qualifying phrases refer solely to the last antecedent—where no contrary intention appears.").

series, it must separate the qualifying phrase with a comma.[2] Once again, there are no exceptions.

Two very recent New Jersey appellate opinions reaffirm the Rule of the Last Antecedent, and both apply it to contracts. In *M.F. v. Jews Offering New Alternatives for Healing*, the appellate court explained:

> The qualifying phrase "in or directed at New Jersey or New Jersey residents" refers only to the last antecedent and does not modify the phrase concerning the injunction on referrals. This interpretation is consistent with the last antecedent rule, "a principle of statutory construction that holds that, unless a contrary intention otherwise

---

[2] *See C.R. v. M.T.*, 461 N.J. Super. 341, 348, 221 A.3d 154, 158 (App. Div. 2019), *rev'd on other grounds*, 248 N.J. 428, 259 A.3d 830 (2021); *see also Alexander v. Bd. Of Review*, 405 N.J. Super. 408, 417, 965 A.2d 167, 173 (App. Div. 2009) ("However, the use of a "comma" to separate a modifier from an antecedent phrase indicates an **intent** to apply the modifier to all previous antecedent phrases.") (emphasis added); *see also State, Dept. of Envtl. Prot. & Energy, Div. of Fish, Game & Wildlife v. Santomauro*, 261 N.J. Super. 339, 345, 618 A.2d 917, 920–21 (App. Div. 1993)("[I]f [a] modifier is **intended** to relate to *more* than the 'last antecedent,' a comma is used to set off the modifier from the entire series."); *M.F. v. Dept of Human Services, Div. of Family Dev.*, 395 N.J. Super. 18, 38, 928 A.2d 71, 84 (App. Div. 2007) ("Where a comma is used to set a modifying phrase off from previous phrases, the modifying phrase applies to all the previous phrases, not just the immediately preceding phrase." *Gudgeon v. County of Ocean,* 135 N.J. Super. 13, 17, 342 A.2d 553 (App. Div.1975) (commenting in n. 1 thereto that "[t]his is the converse of the general rule that qualifying words refer solely to the immediately preceding word."); *In re Dep't of Cmty. Affairs Order of March 15, 1988*, 232 N.J. Super. 136, 141–42, 556 A.2d 807 (App. Div. 1989) (citations omitted) ("[A] rule of grammatical construction ... dictates that separation of a qualifying phrase from antecedents by a comma **evidences an intent** that the phrase apply to all antecedents, instead of solely to the immediately preceding one. [When] the Legislature intend[s] the qualifying clause to modify all the antecedents ..., a comma [is] inserted....") (emphasis added).

appears, a qualifying phrase within a statute refers to the last antecedent phrase."

2021 WL 2795427, at *6 (N.J. Super. Ct. App. Div. July 6, 2021), *cert. denied sub nom. M.F. v. JONAH*, 250 N.J. 11, 268 A.3d 1014 (2022).

Similarly, in *Yalango v. Yalango*, a New Jersey appellate court construed an agreement and held that the Rule of the Last Antecedent applied, stating:

> The words "this coverage" and "this cost" undoubtedly refer to the last prior antecedent, which would be the KidCare coverage and its cost, not the alternative coverage described in the first and second sentences. *See State v. Gelman*, 195 N.J. 475, 484 (2008) (holding that "unless a contrary intention otherwise appears, a qualifying phrase ... refers to the last antecedent phrase"); *see also Sutherland Statutes and Statutory Construction* § 47.33 at 487-88 (7th ed. 2007) (recognizing that "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent").

A-2407-19, 2021 WL 416425, at *1 (N.J. Super. Ct. App. Div. Feb. 8, 2021).

In sum, New Jersey's universal rule of construction – the Rule of the Last Antecedent – governs the plain meaning of contracts, including insurance policies governed by New Jersey law.

## E. New Jersey's Rule of the Last Antecedent Mandates that the Qualifying Phrase "For Financial Institutions" Applies Only to the Last Antecedent "Asset Recovery and Strategy Planning"

As applied to the definition of "[m]anagement consulting services," the New Jersey Rule of the Last Antecedent establishes that the series qualifier "for financial

institutions" can only apply to the last antecedent -- "asset recovery and strategy planning." Under New Jersey's rules of construction, the series qualifier does not apply to the prior items of the series unless the entire series is separated from the qualifier by a comma. There is no such comma before the qualifier "for financial institutions" in the 2017 Policy.

The district court's ruling must be reversed because it failed to adhere to the mandatory Rule of the Last Antecedent required under New Jersey law. Instead of applying the New Jersey rule, the district court effectively rewrote the 2017 Policy, inserting bracketed numbers where the district court believed there should have been commas:

> "Management consulting services" which are defined as "[1] meaning services directed toward expertise [2] in banking finance, accounting, risk and systems analysis design and implementation, asset recovery and strategy planning [3] for financial institutions.

DE 240:7, 9. To be clear, the bracketed numbers above are not in the Policies, but rather were inserted by the district court. It is inappropriate for the district court to insert brackets to separate the phrase "for financial institutions" from the series to support its interpretation. The insertion of the "[3]" is an impermissible rewriting of the Policies. The district court's rewrite is the opposite of the well-established principles of New Jersey law that (a) a court should not rewrite a contract; and (b) the

Rule of the Last Antecedent governs the construction of New Jersey contracts. As such, the district court's re-writing of the 2017 Policy constitutes reversible error.

The Rule of the Last Antecedent is not a surprise to a New Jersey insurance carrier. The Chubb Parties have been on notice of New Jersey's Rule of the Last Antecedent since, at least, the New Jersey Supreme Court's 1978 opinion in *New Jersey Bank v. Palladino*, 389 A.2d at 460. If Chubb had wanted the qualifier "for financial institutions" to apply to the entire series, it would have placed a comma after "asset recovery and strategic planning." Chubb chose not to do so. Accordingly, under New Jersey's Rule of the Last Antecedent, the qualifier "for financial institutions" only applies to "asset recovery and strategic planning."

Thus, the plain reading, as mandated by New Jersey law, requires a finding that "for financial institutions" applies only to the last antecedent, and not the prior items in the list. Therefore, there is coverage.

## II.   THE DISTRICT COURT ERRED BY FAILING TO   APPLY NEW JERSEY LAW AND IMPOSING ITS ALTERNATIVE INTERPRETATION OF "MANAGEMENT CONSULTING SERVICES" AS THE ONLY REASONABLE INTERPRETATION

The district court failed to apply New Jersey law on the issue of the Rule of the Last Antecedent. Instead, the district court imposed an alternative reading of the definition of "[m]anagement consulting services," that the phrase "for financial

institutions" modifies the entire series, not just the last antecedent. Implicit in the district court's ruling is that its reading is the only reasonable reading of the definition of "[m]anagement consulting services."

Also implicit in the district court's ruling is that the reading required by New Jersey's Rule of the Last Antecedent is *un*reasonable. Otherwise, there would be two reasonable readings: (a) the reading mandated by New Jersey's Rule of the Last Antecedent, which favors coverage; and (b) the district court's reading. If there are two reasonable readings of the definition, the district court would have still committed error because any choice between two reasonable readings would have to be resolved favor of the insured. *See Princeton Inv. Partners, Ltd.*, CV171120KMMAH, 2018 WL 846917, at *5 ("if the controlling language of the policy will support two meanings, one favorable to the insurer and one favorable to the insured, the interpretation supporting coverage will be applied.").

Despite holding that New Jersey law governs, the district court relied on the Supreme Court's opinion in *U.S. v. Bass*, 404 U.S. 336 (1971), a case applying federal common law, to support its "plain reading" of the Policies. The district court's analysis is incorrect for two reasons. First, the instant case is controlled by New Jersey law -- not federal common law. Second, and more importantly, *U.S. v. Bass* rejects

the district court's implicit holding that its reading is the only reasonable reading and expressly states that the grammatical construction is ambiguous. *Id.* at 347.

In *U.S. v. Bass*, the Supreme Court analyzed a criminal statute, 18a U.S.C. § 1202(a) (1968), to determine whether the qualifier "in commerce or affecting commerce" (in **bold italics** below) applied to the series of verbs "receives, possesses, or transports" (underlined below) or only to the last antecedent "transports."

> Any person who—
> (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony . . . and who <u>receives</u>, <u>possesses</u>, <u>or transports</u> ***in commerce or affecting commerce*** . . . any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

*Id.* at 337 (emphasis added).

The Supreme Court held that a qualifier that is not separated from a series of items by a comma creates an ambiguity and, consequently, there are two reasonable readings. *Id.* at 347. The Court expressly stated, "we are left with an ambiguous statute." *Id.*

To resolve the ambiguity, the *Bass* Court looked to the legislative history and applied the rule of lenity, neither of which can be used unless a criminal statute is ambiguous. A court cannot look to legislative history unless there is an inescapable ambiguity in the plain text of a statute. *See CBS Inc. v. PrimeTime 24 Joint Venture*,

245 F.3d 1217, 1224 (11th Cir. 2001) ("Our decisions back up that requirement by mandating that ambiguity in statutory language be shown before a court delves into legislative history"); *United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998) ("Review of legislative history is unnecessary unless a statute is **inescapably ambiguous**.") (citations omitted) (emphasis added).

Likewise, the rule of lenity cannot apply unless there is a **grievous ambiguity** creating two readings, one of which is favorable to a criminal defendant. *See United States v. Maupin*, 520 F.3d 1304, 1307 (11th Cir. 2008) ("In order to invoke the rule [of lenity], there must be a '**grievous ambiguity** or uncertainty in the statute.'") (emphasis added) (quoting *Muscarello v. United States*, 524 U.S. 125, 138, (1998)).

Thus, the entire opinion in *Bass* is premised on ambiguity caused by the failure to include a comma after the last antecedent in the series. Similarly, under New Jersey law, when such an ambiguity exists in an insurance policy, as the district court stated in the instant case, "the court must resolve an ambiguity in favor of coverage if a fair reading permits." DE 240:7.

Accordingly, the ECB Parties respectfully submit that, even if guided by the principles found in *U.S. v. Bass*, this Court should reverse the district court's ruling and mandate the entry of summary judgment in favor of coverage.

## CONCLUSION

In the Amended Omnibus Order, the district court stated that "the placement (or omission) of one comma can make the difference between coverage and nothing." DE 240:1. The district court is correct. Under New Jersey law, the omission of the comma means that there is coverage for the professional accounting services at issue in this case. This is the only reading permitted under New Jersey law.

Thus, for the reasons set forth above, the ECB Parties respectfully request this Court to reverse the entry of summary judgment in favor of the Chubb Parties and remand with the instruction for the district court to enter summary judgment in favor of coverage and the ECB Parties.

Date: May 9, 2022

**MARKO & MAGOLNICK, P.A.**
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000

By: /s/ Joel S. Magolnick
    **Joel S. Magolnick, Esq.**
    *Attorneys for Appellants*

## Certificate of Compliance

### Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

This document complies with the typeface requirements of Rule 32(a)(5)(A) of the Federal Rules of Appellate Procedure and the type-style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point, Times New Roman font.

By: /s/ Joel S. Magolnick
**Joel S. Magolnick, Esq.**

### Certificate Of Service

I HEREBY CERTIFY that on May 9, 2022, I caused this Initial Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Steven Brodie, Esq.                    Sylvia H. Walbolt, Esq.
Aaron Weiss, Esq.                      Nathaniel Foell, Esq.
Carlton Fields, P.A.                   Carlton Fields, P.A.
700 N.W. 1st Ave, Ste. 1200            4221 W. Boy Scout Blvd.
Miami, Florida  33136                  S. 1000
                                       Tampa, FL 33604

By: /s/ Joel S. Magolnick
**Joel S. Magolnick, Esq.**